UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA, | No. 2:15-cv-00742-TLN-AC |
| Plaintiff, | |
| v. | ORDER |
| TARAS KRISTYUK, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.
4     A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5  which relief may be granted if it appears beyond a doubt that plaintiff can prove no set of facts in
6  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
7  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v. Roosevelt
8  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
9  this standard, the court must accept as true the allegations of the complaint in question, Hospital
10 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
11 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
12 McKeithen, 395 U.S. 411, 421 (1969).
13    Plaintiff's complaint ostensibly brings suit pursuant to 18 U.S.C. §§ 111, 113, 117; and 42
14 U.S.C. § 13981 against defendants Taras Kristyuk and Mist.  ECF No. 1.  However, three of these
15 statutes, 18 U.S.C. §§ 111, 113, 117, are criminal in nature and accordingly do not create causes
16 of action available to plaintiff.  The last statute, 42 U.S.C. § 13981, otherwise known as the
17 Violence Against Women Act, was held unconstitutional by United States v. Morrison, 529 U.S.
18 598, 617–18 (2000).  Accordingly, plaintiff cannot bring claims against defendants based on these
19 statutes, and they do not confer matter jurisdiction upon this court.
20    It is difficult to determine from plaintiff's complaint whether she intends to assert any
21 other claims.  Plaintiff alleges that on December 10, 2014, defendant Kristyuk assaulted and
22 harassed her and her caretaker.  ECF No. 1 at 2–3.  After plaintiff was assaulted she contacted the
23 Sacramento Sheriff's Department but they refused to give her a citizen's arrest form or arrest
24 defendant Kristyuk.  Id. at 1–2.  Based on the sheriff's department's refusal to arrest defendant
25 Krisyuk, plaintiff alleges that they "officially support crimes Russian – American Conspiracy in
26 California."  Id. at 1.  Plaintiff's complaint also contains vague allegations against defendant
27 Kristyuk of drug use and/or dealing.  Id. at 4–7.  Plaintiff alleges few facts regarding defendant
28 Mist, other than to say it is a private company that "produce[s] cash income in great amounts and

1  hide[s] [its] profit outside [the] USA in Canada and other countries including Ukraine." Id. at 8.

2  The court finds that plaintiff's complaint does not include a basis for federal subject matter jurisdiction. "The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction . . . ." In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008). Although the caption of plaintiff's complaint references several federal statutes, as the court has explained none of them actually confer a cause of action upon plaintiff. In addition, a careful reading of plaintiff's complaint does not reveal any other federal cause of action that might confer subject matter jurisdiction. Accordingly, this action does not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist.[1]

The court also finds that plaintiff's complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Again, plaintiff's complaint does not include any cognizable legal theory entitling her to relief from defendants and accordingly, it does not comply with the requirements of Rule 8(a)(2). Plaintiff is cautioned that if she chooses to file an amended complaint, she must submit a short and plain statement in accordance with Federal Rule 8(a) explaining who has engaged in what, how those actions have injured her, and what law entitles her to relief. Any amended complaint must also show that the federal court has jurisdiction, that the action is brought in the right place, that plaintiff is entitled to relief if her allegations are true, and the amended complaint must contain a request for particular relief. The amended complaint should contain separately numbered, clearly identified claims.

In addition, the allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ.

---

[1] Plaintiff does not claim that diversity jurisdiction pursuant to 28 U.S.C. § 1332 exists in this matter, nor does she allege facts that would support such a finding.

1   P. 10(b).  Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid
2   narrative and storytelling.  That is, the complaint should not include every detail of what
3   happened, nor recount the details of conversations (unless necessary to establish the claim), nor
4   give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should
5   contain only those facts needed to show how the defendant legally wronged the plaintiff.

6       Local Rule 15-220 requires that an amended complaint be complete in itself without
7   reference to any prior pleading.  This is because, as a general rule, an amended complaint
8   supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
9   plaintiff files an amended complaint, the original pleading no longer serves any function in the
10  case.  Therefore, in an amended complaint, as in an original complaint, each claim and the
11  involvement of each defendant must be sufficiently alleged.

12      In accordance with the above, IT IS HEREBY ORDERED that:
13      1.  Plaintiff's application to proceed in forma pauperis, ECF No. 2, is GRANTED;
14      2.  Plaintiff's complaint, ECF No. 1, is dismissed; and
15      3.  Plaintiff is granted thirty days from the date of service of this order to file an amended
16  complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the
17  Local Rules of Practice; the amended complaint must bear the docket number assigned this case
18  and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of
19  the amended complaint; failure to file an amended complaint in accordance with this order will
20  result in a recommendation that this action be dismissed.

21  DATED:  April 21, 2015

22                                  ALLISON CLAIRE
23                                  UNITED STATES MAGISTRATE JUDGE

24
25
26
27
28