UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TARAS KRISTYUK, et al.,<br><br>　　　　　　Defendants. | No.  2:15-cv-00742-TLN-AC<br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff, proceeding in this action pro se and in forma pauperis, has filed a first amended complaint ("FAC"), ECF No. 4, after her original pleading was dismissed for lack of subject matter jurisdiction, ECF No. 3.  The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

      The court finds that plaintiff's FAC fails to state a claim on which relief can be granted. According to the title page of plaintiff's FAC, she seeks to bring claims concerning the violation of her constitutional rights against defendants. ECF No. 4 at 1. The court, therefore, construes plaintiff's FAC as asserting § 1983 claims against defendants. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). Section 1983 "shields citizens from unlawful government actions, but does not affect conduct by private entities." Apao v. Bank of N.Y., 324 F.3d 1091, 1093 (9th Cir. 2003), cert. denied, 540 U.S. 948 (2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999) ("'[T]he party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a [governmental] actor.'"). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." Sutton, 192 F.3d at 835 (citing American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). Defendants are private actors. Plaintiff does not allege otherwise, nor does she allege that they acted under color of state law.[1] Accordingly, the court will dismiss plaintiff's § 1983 claims.

      The court also finds that plaintiff's FAC does not comply with Federal Rule 8. Plaintiff's

---

[1] Plaintiff does allege that the federal government can be held liable for the actions of immigrants simply by virtue of their immigration status. ECF No. 4 at 2–3. This is not the case, and regardless would not affect whether defendants' actions were performed under color of state law.

1  FAC does not contain a short and plain statement showing she is entitled to relief.  See Fed. R.
2  Civ. P. 8(a).  Nor is plaintiff's FAC simple, concise, or direct.  See Bell Atlantic Corp. v.
3  Twombly, 550 U.S. 544, 555 (2007).  Rather, plaintiff's FAC consists of long, rambling and
4  incoherent allegations with no clear connection to any claim.  Plaintiff's FAC does describe an
5  assault by an individual named "Anatoliy" that took place at Mist.  ECF No. 4 at 34.  However,
6  plaintiff does not explain why defendant Mist should be held liable for that assault, or how
7  defendant Kristyuk was involved, if at all.  The court finds that such allegations do not meet
8  Federal Rule 8's pleading standards.

9       The court previously granted plaintiff leave to amend with instructions on how to amend
10  her complaint in compliance with Rule 8.  Nonetheless, plaintiff's FAC still consists almost
11  entirely of rambling and nonsensical allegations.  As plaintiff has had ample opportunity to
12  correct the deficiencies in her complaint, and she continues to make the same conclusory and
13  incoherent allegations against private defendants that are not liable for violations of § 1983, the
14  court finds that any further attempt to amend would be futile.

15       Accordingly, THE COURT HEREBY RECOMMENDS that plaintiff's FAC, ECF No. 4,
16  be dismissed without leave to amend.

17       These findings and recommendations are submitted to the United States District Judge
18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
19  after being served with these findings and recommendations, plaintiff may file written objections
20  with the court.  Id.; see also Local Rule 304(b).  Such a document should be captioned
21  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
22  within the specified time may waive the right to appeal the District Court's order.  Turner v.
23  Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir.
24  1991).

25  DATED:  July 12, 2015

26                                        _____
27                                        ALLISON CLAIRE
                                      UNITED STATES MAGISTRATE JUDGE
28